# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Magistrate Docket No. _____ '07 MJ 2749 |
| ) | |
| Plaintiff ) | |
| ) | COMPLAINT FOR |
| v. ) | VIOLATION OF: |
| ) | TITLE 8 U.S.C. § 1326 |
| Ladislao OCAMPO FLORES ) | Attempted Entry After Deportation |
| AKA: Carlos PROA RIVERA ) | |
| ) | TITLE 18 U.S.C. § 1544 |
| ) | Misuse of Passport |
| ) | |

The undersigned complainant, being duly sworn, states:

### Count 1

On or about November 25, 2007, within the Southern District of California, defendant Ladislao OCAMPO FLORES, AKA Carlos PROA RIVERA, an alien, who previously had been excluded, deported and removed from the United States to Mexico, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the San Yisdro Port of Entry, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

### Count 2

On or about November 20, 2007, within the Southern District of California, defendant Ladislao OCAMPO FLORES did knowingly and willfully use a passport issued or designed for the use of another, with the intent to gain admission into the United States in the following manner, to wit: Defendant applied for entry to the United States by presenting US passport number 037159082, issued to Carlos PROA RIVERA to a Department of Homeland Security, Customs and Border Protection Officer, knowing full well that he was not Carlos PROA RIVERA, that the passport was not issued or designed for his use, and that he is not a United States citizen entitled to a U.S. Passport. All in violation of Title 18, United States Code, Section 1544.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

Richard M. Escott
Senior Special Agent
U.S. Department of State
Diplomatic Security Service

SWORN AND SUBSCRIBED TO before me
This _____ day of _____, 2007.

_____ UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT & STATEMENT OF FACTS

I, Richard Michael Escott, being duly sworn, declare under penalty of perjury that the following statement is true and correct:

1. I am a Senior Special Agent (SSA) with the U.S. Department of State, Diplomatic Security Service (DSS) assigned to the San Diego, CA Resident Office. I have been so employed for eight years and have investigated numerous violations involving the false application for and misuse of United States Passports and Visas.

2. During the performance of my duties, I have obtained evidence that Ladislao OCAMPO FLORES, aka Carlos PROA RIVERA used the passport issued for the use of another. This Affidavit is made in support of a complaint against Ladislao OCAMPO FLORES for violation of Title 18, U.S.C., Section 1544, Misuse of a passport.

3. On 11/25/2007, at approximately 1634 hours, Ladislao OCAMPO FLORES presented himself to a Department of Homeland Security, Customs and Border Protection (CBP) Officer at the pedestrian lines of the San Yisdro Port of Entry, to apply for admission into the United States. OCAMPO FLORES identified himself with US Passport number 037159082, bearing the name Carlos PROA RIVERA, DPOB 11/16/1955, Mexico, and a photograph that did bear his likeness. The CBP Officer recognized discrepancies in the security features of the passport relative to the attached photograph. When questioned OCAMPO FLORES admitted that the passport was not his and he was referred for secondary inspection.

4. On 11/25/2007, a CBP Officer conducted a secondary inspection of OCAMPO FLORES. During the interview OCAMPO FLORES admitted that his true name was Ladislao OCAMPO FLORES, DPOB 06/27/1977, Zacatecas, Mexico, and that he was a citizen of Mexico, not a US Citizen. Fingerprint checks revealed that OCAMPO FLORES had a FBI record in NCIC for 25 previous arrests. OCAMPO FLORES was kept in the secondary inspection area.

5. On 11/25/2007, at approximately 2346 hours, the Affiant was notified by the CBP Officer Nielsen, from the San Yisdro POE, of the case.

6. On 11/25/2007, at approximately 2345 hours, OCAMPO FLORES was retrieved from a seating area in the secondary inspection area and was brought to an upstairs interview room. The Affiant, assisted by CBP Officer Valazquez who served as translator when necessary, obtained consent from OCAMPO FLORES to have his interview audio and video taped. OCAMPO FLORES read his Miranda warning aloud in Spanish from a written copy. He indicated that he understood and waived his right to counsel. He admitted that his true name was Ladislao OCAMPO FLORES, DPOB, 06/27/1964, Zacatecas, Mexico. He stated that he was a citizen of Mexico and not a citizen of the United States. OCAMPO FLORES said that he had previously been a Legal Permanent Resident, however his status had been revoked and he had been deported. OCAMPO FLORES claimed that the reason he was trying to come to the US was that his daughter had been hit by a truck and killed in December 2006, and he had not been the for her burial or to see her grave. He stated that one of his coworkers, who knew he wanted to go back to the US, introduced OCAMPO FLORES to a person who sold passports. He met the man at a Tijuana hotel, and was provided money to get passport photos taken. OCAMPO FLORES subsequently provided the photos to the smuggler, who later returned with US Passport number

037159082, bearing the photograph that OCAMPO FLORES provided the smuggler and the name, Carlos PROA RIVERA. OCAMPO FLORES stated that he then used the passport, knowing that it was not his, to apply for entry to the United States at the San Yisdro Port of Entry. He also knew it was a violation of US law to apply for entry into the US claiming to be a US citizen if you are not a US citizen. OCAMPO FLORES also admitted to having only one felony conviction in Illinois, and to have been recently deported from the US. OCAMPO FLORES made a sworn written statement admitting to the facts of the case.

7.  On 11/26/2007 CBP Officer Valazquez conducted DHS record checks. Records revealed that OCAMPO FLORES had been formally deported from the United States on 03/05/2007. DHS records indicated that OCAMPO FLORES has three previous convictions, not just the one he admitted to in the interview.

8.  On 11/25/2007, the Affiant conducted checks of the US Department of State, US Passport database. Record checks revealed that US Passport number 037159082 had not yet been reported lost/stolen. The Passport application for US Passport number 037159082 clearly shows a different photograph than the passport OCAMPO FLORES presented, and did not bear his likeness.

On the basis of the facts presented in this probable cause statement consisting of 2 pages, I find probable cause to believe that the defendant named in this probable cause statement committed the offence on 11/25/2007 - in violation of Title18, United States Code, Section 1544: Misuse of a passport - when he knowingly and willfully used the passport belonging to another, Carlos PROA RIVERA, knowing that it was not issued or designed for his use, in order to gain admission into the United States.

Richard M. Escott
Senior Special Agent
U.S. Department of State
Diplomatic Security Service